# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES A. HENSON, JR. | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RWT-12-763 |
| JAMES W. MILLER, et al., | * | |
| Defendants | * | |

**MEMORANDUM OPINION**

Pending are Defendants Lieutenant Rodney O. Likin, Sergeant Phillip D. Merling, CO II James W. Miller, CO II Floyd P. Benson, CO II Gerald L. Wilson, Jr., CO II Vincent J. Lark and Ronald S. Weber, MHPCA's, Motion to Dismiss, or in the Alternative Motion for Summary Judgment and Plaintiff's responses thereto.[1] ECF Nos. 27, 38-40, and 41.[2] Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011).

## Background

Plaintiff alleges that on February 22, 2012, Benson moved Plaintiff from protective custody and placed him a cell next to an inmate who Plaintiff alleges assaulted him in October of 2011.[3] Plaintiff further alleges that on March 6, 2012, Likin, Merling, Wilson, Lark, Wilson and

---

[1] Plaintiff's Motion to Amend his opposition (ECF No. 41) shall be granted.

[2] To the extent Plaintiff raises new claims regarding interference with his mail and religious materials in his oppositions to the pending dispositive motion, those claims are not properly before the Court and will not be considered here. If Plaintiff believes his civil rights have been violated, he is free to file new civil rights complaint setting out those claims.

[3] Plaintiff previously filed suit regarding the assault as well as allegations concerning Defendants Wilson, Merling, Lark and Weber assigning him to a cell with Jenkins, an alleged "professed racist." *See Henson v. Likin*, Civil Action No. RWT-11-2719. Defendants were granted summary judgment. Weber was not named as a Defendant in that case, but could have been named and as such Plaintiff is estopped from litigating this claim against him. Where there has been a final judgment on the merits in a prior suit, an identity of the cause of action in both the

Weber moved him to a cell with a professed racist. Plaintiff states that Miller came to Plaintiff's cell and stated, "I promise you won't be as lucky the next time, nigger." Miller then walked to another cell and told the inmate housed there that he would have Plaintiff's door unlocked and instructed the other inmate (Roy Jenkins) to kill him. Plaintiff states that he asked Miller for an ARP complaint form and was advised that there were none for him pursuant to Likin's order. ECF No. 1. As relief, Plaintiff asks that Defendants be suspended without pay and prosecuted. He also asks that he be moved from WCI to the Maryland Correctional Training Center. *Id*.

Defendant Likin avers that Plaintiff has a history of refusing cellmates. ECF No. 27 at 4 & Ex. A. He claimed to correctional staff that he has "snitched" on a member of a prison gang and as a result a "hit" has been placed on him. Correctional staff have been unable to substantiate Plaintiff's claim. *Id*., Ex. A. Likin notes that the Division of Correction maintains records of all inmates known to be enemies of one another and before cell assignments are made the enemy list is checked to insure that cell mates are not known enemies. Likin avers that no inmate has ever been assigned to Plaintiff's cell if there was any indication of hostility between them. *Id*.

At the time of the events complained of Plaintiff was assigned to WCI's Special Confinement Housing Unit (SCU). Likin avers that because he was so assigned, Plaintiff never left his cell unless he was the only inmate on the tier out of his cell. Plaintiff took recreation and

---

earlier and the later suit, and an identity of parties or their privies in the two suits, *res judicata* is established. *See Pension Ben. Guar. Corp. v. Beverley*, 404 F. 3d 243, 248 (4th Cir. 2005). The doctrine of *res judicata* precludes the assertion of a claim after a judgment on the merits in a prior suit by the same parties on the same cause of action. *See Meekins v. United Transp. Union*, 946 F. 2d 1054, 1057 (4th Cir. 1991). In addition, "'[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Id*., *quoting Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc.*, 892 F. 2d 355, 359 (4th Cir. 1989).

showers alone and his meals were delivered to his cell. If he left his cell to go anywhere he was escorted by correctional staff. Plaintiff was housed in a cell next to inmate Roy Jenkins, an inmate with whom Plaintiff had a previous altercation, for approximately three weeks. Being housed there, however, had no effect on Plaintiff's safety and security given his single cell status on the segregation tier. *Id*.

Likin further avers that he normally picks up 200 ARP forms weekly and places them in the control center on the segregation tier so they are available to staff to give to inmates who request them. Likin avers that it is standard procedure to provide an ARP form to any inmate who requests one and that during 2012 there was never a time when ARP forms were not available. Likin further avers that if an inmate asks for a form and a tier officer does not provide one, the inmate can simply ask the next shift's officer for one or write to Likin to receive a form. Alternatively, an inmate could submit an administrative remedy request simply by writing to the Warden. Plaintiff never complained to Likin regarding Miller's refusal to give him an ARP form. *Id*.

James Miller denies that he ever called Plaintiff a racial slur or that he ever had a conversation with another inmate as Plaintiff alleges. Miller further avers that as a tier officer he is without authority to have two or more cell doors opened on any tier at the same time. He avers that the control center officer controls the locks and cell doors are not opened until the control center officer is assured that the inmates have been placed in appropriate restraints. Once the inmate is restrained the control center is advised that the cell door may be unlocked. Miller avers that he has never deviated from this procedure. *Id*., Ex. B.

## Standard of Review

A.  Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 1969. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

B.  Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have

the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

**Analysis**

The Court must first consider Defendants' claim that Plaintiff's complaint must be dismissed in its entirety due to his failure to exhaust administrative remedies. The PLRA provides, in pertinent part:

> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

Plaintiff is subject to the strict requirements of the exhaustion provisions. It is of no consequence that a Plaintiff is aggrieved by a single occurrence, as opposed to a general condition of confinement claim. *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). A claim which has not been exhausted may not be considered by this court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007).

In Maryland, filing a request for administrative remedy with the warden of the prison

is the first of three steps in the ARP process. The ARP must be filed within 30 days of the date on which the incident occurred, or 30 days of the date the inmate first gained knowledge of the incident or injury giving rise to the complaint, whichever is later. If the request is denied, a prisoner has thirty calendar days to file an appeal with the Commissioner of Correction. If the appeal is denied, the prisoner has thirty days to file a grievance with the Executive Director of the Inmate Grievance Office. *See* Md. Code Ann. Corr. Serv. **§§** 10-206, 10-210; Md. Regs. Code title 12 § 07.01.03. To show exhaustion, the Plaintiff must demonstrate that he appealed his grievance through all three steps in the administrative process.

Administrative remedies must, however, be available to the prisoner and this court is "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). The Fourth Circuit has addressed the meaning of "available" remedies:

> [A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it. *See Id.* 478 F.3d at 1225; *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Conversely, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Rather, to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies "in accordance with the applicable procedural rules," so that prison officials have been given an opportunity to address the claims administratively. *Id*. at 87. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

*Moore v. Bennette*, 517 F. 3d 717, 725 (4th Cir. 2008).

Thus, Plaintiff's claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that Defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md.

2003). The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F. Supp. 941, 943-44 (D. Md.1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

Defendants, who have raised non-exhaustion as an affirmative defense, provide evidence that Plaintiff never contacted the officer in charge of the segregation tier or the Warden regarding his complaints and/or his allegations that a particular officer refused to provide him with an ARP form. Defendants note that in the event a tier officer refused to provide Plaintiff with the ARP form he could have simply asked the officer on the next shift or written to Likin or the Warden. Further, the record evidence demonstrates that Plaintiff did have access to ARP forms during the time in question as he filed six ARPs between January 9 and April 19, 2012, none of which concerned the events complained of herein. Plaintiff has failed to respond to Defendants' affirmative defense. Plaintiff's bald allegations contained in his complaint regarding his access to the administrative remedy process are belied by his ability to file other remedy requests

8

regarding other complaints during and after the complaints complained of herein.  *See* ECF No. 27, Ex. C.  Plaintiff has failed to demonstrate that through no fault of his own, he was prevented from availing himself of the administrative process.   As Plaintiff has utterly failed to exhaust such administrative remedies as were available to him, his case shall be dismissed.

**Conclusion**

For the aforementioned reasons, Defendants' Motion, construed as a motion for summary judgment, shall be granted.  A separate Order follows.


July 15, 2013                                      /s/
Date                                            Roger W. Titus
                                                United States District Judge